IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


PENNY JUANITA WHITSON, as next of kin                    PLAINTIFF
of Rory Allen Gregory, deceased

v.                                   Civil No. 6:23-cv-06079-SOH-MEF

JOHN FELTS, Director, Arkansas Parole                   DEFENDANTS
Board, *et. al.*


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28

U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge,

referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's Response (ECF No. 19) to the Court's Order of August 3,

2023.  (ECF No. 8).

## I.       BACKGROUND

Plaintiff filed her Complaint on June 29, 2023.  (ECF No. 1).  In the Order provisionally

filing the case, the Court directed her to file a completed *in forma pauperis* ("IFP") application.

(ECF No. 3).  Plaintiff did so on July 17, 2023, and was granted IFP status on July 18, 2023.  (ECF

Nos. 5, 6).  Plaintiff proceeds *pro se*.  Plaintiff was incarcerated in the Arkansas Division of

Correction when she filed her Complaint.  (ECF No. 1 at 1-2).

Plaintiff alleges her brother, Rory Allen Gregory, died from pneumonia caused by COVID-

19 while he was incarcerated in the Arkansas Division of Correction ("ADC").  (ECF No. 1).  She

alleges Mr. Gregory died on July 19, 2020.  (*Id*. at 9).  She brings a claim for "failure to protect

1

with deliberate indifference" and denial of medical care under § 1983, a claim for survival under Ark. Code. Ann. § 16-62-101, and a claim for wrongful death under Ark. Code. Ann. § 16-62-102. (*Id.* at 8, 17, 27). She proceeds against all Defendants in their individual capacity. (*Id.* at 16, 27, 28). She seeks compensatory, punitive, and "other" damages. (*Id.* at 35). She does not identify the non-monetary relief sought. As to the monetary damages, she asks for:

> Compensatory - $1,000,000.00, the defendants are responsible for his unnecessary suffering leading to death.
> Punitive - $1,000,000.00, Gregory's death could have been prevented had defendants not violated his constitutional rights with deliberate indifference.
> Mental Anguish – Grief – loss of a loved one. $1,000,000.00.
> Wrongful Death - $1,000,000.00.

Plaintiff attached an affidavit to her Complaint. (*Id.* at 38). She states she has legal standing to file this Complaint as the next of kin and sole beneficiary of the deceased. She identifies herself as his only surviving sibling, states he has no other family alive, and states there is no personal representative. (*Id.*).

On August 3, 2023, the undersigned entered a preservice screening Order as required under the PLRA. (ECF No. 8). That Order advised Plaintiff that she:

> cannot proceed *pro se* to pursue either a survival claim, under Ark. Code. Ann. § 16-62-101, or a wrongful death claim, under Ark. Code. Ann. § 16-62-102. Additionally, for the survival claim she must be appointed the personal representative for the estate of her deceased brother. Plaintiff is granted 30 days from the entry of this Order, until September 2, 2023, to remedy these deficiencies by being appointed the personal representative for her brother's estate and by having an attorney enter an appearance in this case. In the event she is not able to do so by the deadline, it will be recommended that her state claims be dismissed.

> Further, Plaintiff may proceed *pro se* for her federal § 1983 claims only if she can provide proof that she is both the sole beneficiary and the sole creditor of her brother's estate by the same deadline, September 2, 2023. Alternatively, she may have an attorney enter an appearance on her behalf in this case by September 2, 2023

(*Id.* at 7).

On September 1, 2023, Plaintiff filed a Motion for Extension of Time, stating that three attorneys had declined to represent her, but she was diligently attempting to seek the required information and representation.  (ECF No. 9).  This Order was granted on September 6, 2023, and Plaintiff was given until October 6, 2023, to respond.  (ECF No. 10).  On September 7, 2023, Plaintiff filed a Notice of Address change indicating she was no longer incarcerated, and mail previously sent to her in the ADC was returned indicating she had been paroled.  (ECF Nos. 11, 15).  On September 14, 2023, Plaintiff filed a second Motion for Extension of Time, stating she had been released from prison on September 1, 2023.  (ECF No. 14).  This motion was granted on September 26, 2023.  (ECF No. 17).  Plaintiff filed another change of address on October 12, 2023.  (ECF No. 18).

Plaintiff eventually filed her Response to the Order on November 6, 2023.  (ECF No. 19).  She makes the following statements in her Response.  She has been unable to obtain counsel to represent her.  (*Id*. at 2).  She is a convicted felon and is, therefore, unable to be appointed personal representative for her brother's estate under Ark. Code. Ann. § 28-48-101.  (*Id*.).  She was certified as the sole beneficiary and Distributee of her brother's estate in July 2023.  (*Id*.).  She attaches a copy of an obituary notice for her mother, which includes a listing of her surviving children, grandchildren, and great-grandchildren.  (*Id*. at 5-6).  She also attaches a copy of a form Affidavit for Collection of a Small Estate by Distributee.  (*Id*. at 6-7).

## II.     ANALYSIS

As the Court noted in its previous Order, "[a] non-attorney administrator for an estate may represent an estate in federal court only when they are the sole beneficiary and the sole creditor of the estate." *Jones ex rel. Jones v. Correctional Med. Servs., Inc.*, 401 F.3d 950, 951-52 (8th Cir.

2005).  Because Plaintiff is a convicted and unpardoned felon, she is not qualified to serve as the administrator for her brother's estate under Ark Code. Ann. § 28-48-101(b)(3).[1] *See Est. of Taylor v. MCSA, LLC*, 2013 Ark. 429, 430 S.W.3d 120, 122 (son's appointment as personal representative of his father's estate for purpose of nursing home abuse claim was voided after it was discovered during a deposition that he was a convicted felon).  Plaintiff appears to argue that her status as the sole distributee of the estate makes her eligible to serve as an estate administrator under § 28-48-101(a)(3).  While the statute does list persons entitled to a distributive share of the estate as eligible to serve as administrator, the plain language of the statute also limits that entitlement to those "who are not disqualified."  Ark. Code. Ann. § 28-48-101(a).  Unpardoned felons are expressly disqualified.  As Plaintiff cannot be appointed the administrator of her brother's estate, she cannot represent the estate in federal court.  The Court further notes that Plaintiff was released from incarceration on September 1, 2023, and has been given two generous extensions of time to address any issues barring this case from moving forward.  She has not done so.

### III.        CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

---

[1] The statute uses the phrase "personal representative" to the estate.  This personal representative is either an administrator (for an intestate estate) or an executor (for a testate estate).  4 Lynn Foster & G.S. Brant Perkins, *Arkansas Probate & Estate Admin*. § 1:5, n. 1.  (Sept. 2023 update).

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of November 2023.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE